IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:18-CV-910

| | |
|---|---|
| THERESA SCHMITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MOTION TO DISMISS** |
| ALAMANCE-BURLINGTON BOARD OF ) | |
| EDUCATION, ) | |
| ) | |
| Defendant. ) | |

The Alamance-Burlington Board of Education ("the Board"), by and through its attorneys, moves the Court to dismiss all of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

In support of its Motion to Dismiss, Defendant relies upon the Plaintiff's Complaint filed on October 5, 2018, DE #5, and shows the Court the following:

1. Plaintiff filed this action in Guilford County Superior Court on October 5, 2018.

2. The Board received the Complaint and Civil Summons on October 11, 2018.

3. The Board removed the action to this Court on October 30, 2018.

1

4. Plaintiff's Complaint alleges (1) a claim of discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, (2) a claim of retaliation in violation of the ADA, and (3) a wrongful termination claim under state law. Plaintiff seeks compensatory damages in excess of $25,000 for each claim.

5. Plaintiff's ADA and state law claims should be dismissed because the allegations are vague and conclusory and they fail to state facts sufficient to meet the plausibility standard required in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

6. Plaintiff's claim under the ADA should be dismissed because the facts as alleged in the Complaint fail to allege the required elements of a claim under the ADA for associational discrimination or retaliation. *See Adams v. Anne Arundel County Public Schools*, 789 F.3d 422, 430 (4th Cir. 2015); *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 578 (4th Cir. 2015); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 174 (4th Cir. 1988); *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir.

1985); *Smith v. Bank of Stanly*, 09CV951, 2011 WL 627625, at *7 (M.D.N.C. Feb. 11, 2011), *aff'd* 457 F. App'x 249 (4th Cir. 2011).

7.  Plaintiff's claim for wrongful discharge should be dismissed because Plaintiff has failed to allege a cognizable claim under state law, and because the allegations are vague and conclusory and they fail to state facts sufficient to meet the plausibility standard required in *Twombly* and *Iqbal*. *See Jones v. Duke Energy Corp.*, 43 F. App'x 599, 600 (4th Cir.2002).

Pursuant to Local Civil Rule 7.3, M.D.N.C., a Memorandum of Law in Support of this motion is being submitted contemporaneously with this motion.

Based on the foregoing, and for the reasons stated in the memorandum of law filed herewith, the Board respectfully requests that this Court dismiss with prejudice all claims in this action.

This the 3rd day of December 2018.

>Respectfully submitted,
>
>/s/ Adam S. Mitchell
>Adam S. Mitchell
>THARRINGTON SMITH, L.L.P.
>N.C. State Bar No. 36949
>150 Fayetteville Street, Suite 1800
>Post Office Box 1151

Raleigh, North Carolina   27602-1151
Telephone: (919) 821-4711
Fax:  919) 829-1583
Email:amitchell@tharringtonsmith.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

    IT IS HEREBY CERTIFIED that a copy of the foregoing MOTION TO DISMISS was electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

>Jonathan Wall
>Higgins Benjamin, PLLC
>301 N. Elm Street, Suite 800
>Greensboro, NC 27401-2260
>*Attorney for Plaintiff*

    This the 3rd day of December 2018.

>/s/ Adam S. Mitchell
>Adam S. Mitchell
>THARRINGTON SMITH, L.L.P.
>N.C. State Bar No. 36949
>150 Fayetteville Street, Suite 1800
>Post Office Box 1151
>Raleigh, North Carolina  27602-1151
>Telephone: (919) 821-4711
>Fax: (919) 829-1583
>Email:amitchell@tharringtonsmith.com
>*Attorneys for Defendant*