IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:18-CV-910

| | |
|---|---|
| THERESA SCHMITZ, | ) |
| Plaintiff, | ) |
| v. | ) **ANSWER** |
| ALAMANCE-BURLINGTON BOARD OF EDUCATION, | ) |
| Defendant. | ) |

The Alamance-Burlington Board of Education ("Defendant" or "School System"), by and through its attorneys, answers Plaintiff's Complaint in this matter as follows:

## PRELIMINARY STATEMENT

1. The allegations in Paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 1 are denied.

## JURISDICTION AND VENUE

2. The allegations in Paragraph 2 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 2 are denied.

## PARTIES

3. Defendant is without sufficient information to form a belief as to the truth or falsity of Plaintiff's allegations in paragraph 3, and the allegations in paragraph 3 are therefore denied.

4. It is admitted that the Alamance-Burlington Board of Education is a body corporate and is capable of suing and being sued. The remaining allegations in paragraph 4 are

legal conclusions to which no response is required. To the extent that a response is required, the remaining allegations in paragraph 4 are denied.

## FACTUAL ALLEGATIONS

5. It is admitted that Defendant employs over 500 persons. The remaining allegations in paragraph 5 are legal conclusions to which no response is required.

6. Admitted.

7. Denied.

8. It is admitted that Plaintiff attended work on November 29, 2016. Defendant is without sufficient information to form a belief as to the truth or falsity of Plaintiff's remaining allegations in paragraph 8, and the allegations in paragraph 8 are therefore denied.

9. Defendant is without sufficient information to form a belief as to the truth or falsity of Plaintiff's allegations in paragraph 9, and the allegations in paragraph 9 are therefore denied.

10. The allegations in Paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 10 are denied.

11. It is admitted that Plaintiff requested and was approved to leave school early for a week beginning November 29, 2016, and that permission to leave early was granted by principal Mark Gould. Except as specifically admitted herein, the allegations in paragraph 11 are denied.

12. Defendant is without sufficient information to form a belief as to the truth or falsity of Plaintiff's allegations in paragraph 12, and the allegations in paragraph 12 are therefore denied.

13. It is admitted that Plaintiff sent an email to Principal Gould on December 5, 2016, which is not attached to the Complaint, and requested to leave early for an additional week. That

email is the best evidence of its contents.  Except as specifically admitted herein, the allegations in paragraph 13 are denied.

14. It is admitted that Plaintiff left work early on December 6, 2016, without permission from Principal Gould.  It is further admitted that Plaintiff subsequently sent an email to Principal Gould, which is not attached to the Complaint, and informed him she would not be at school the following day.  That email is the best evidence of its contents.  Except as specifically admitted herein, the allegations in paragraph 14 are denied.

15. It is admitted that Plaintiff contacted Defendant's human resources ("HR") department on December 7, 2016, and described her situation with her son and her desire to leave work early to care for him.  Except as specifically admitted herein, the allegations in paragraph 15 are denied.

16. It is admitted that HR contacted Plaintiff later that day and informed her that she would not be permitted by the school principal to continue leaving work early.  It is further admitted that the HR department informed Plaintiff she would need a half-day substitute if she were going to continue leaving work early.  It is admitted that Plaintiff worked only half days through December 16, 2016.  Defendant is without sufficient information to form a belief as to the truth or falsity of the allegation that following the holiday break, Plaintiff did not take any more half days to care for her son.  Except as specifically admitted herein, the allegations in paragraph 16 are denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

3

21. Denied.

22. It is admitted that following Plaintiff's resignation, Principal Gould wrote a letter containing in part the quoted language, which is not attached to the Complaint. That letter is the best evidence of its contents. Except as specifically admitted herein, the allegations in paragraph 22 are denied.

23. It is admitted that on May 12, 2017, a meeting took place involving Plaintiff, HR, and Principal Gould. Except as specifically admitted herein, the allegations in paragraph 23 are denied.

24. Denied.

25. Denied.

26. Admitted.

**COUNT I – ASSOCIATIONAL DISCRIMINATION IN VIOLATION OF ADA**

27. As to the allegations in Paragraph 1 through 26 of the Complaint, Defendant realleges and incorporates by reference its responses to the numbered paragraphs as if fully set forth herein.

28. See response to Paragraph 5, *supra*.

29. The allegations in Paragraph 29 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 29.

30. Denied.

31. Denied.

**COUNT II – RETALIATION IN VIOLATION OF THE ADA**

32. The Court dismissed this claim in the Order dated February 26, 2020, and therefore no response is required. To the extent a response is required, as to the allegations in

Paragraph 1 through 31 of the Complaint, Defendant realleges and incorporates by reference its responses to the numbered paragraphs as if fully set forth herein.

33. The Court dismissed this claim in the Order dated February 26, 2020, and therefore no response is required. To the extent a response is required, the allegations in Paragraph 33 are denied.

34. The Court dismissed this claim in the Order dated February 26, 2020, and therefore no response is required. To the extent a response is required, the allegations in Paragraph 34 are denied.

35. The Court dismissed this claim in the Order dated February 26, 2020, and therefore no response is required. To the extent a response is required, the allegations in Paragraph 35 are denied.

36. The Court dismissed this claim in the Order dated February 26, 2020, and therefore no response is required. To the extent a response is required, the allegations in Paragraph 36 are denied.

37. The Court dismissed this claim in the Order dated February 26, 2020, and therefore no response is required. To the extent a response is required, the allegations in Paragraph 37 are denied.

**COUNT III – WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

38. The Court dismissed this claim in the Order dated February 26, 2020, and therefore no response is required. To the extent a response is required, as to the allegations in Paragraph 1 through 37 of the Complaint, Defendant realleges and incorporates by reference its responses to the numbered paragraphs as if fully set forth herein.

39. The Court dismissed this claim in the Order dated February 26, 2020, and therefore no response is required. In addition, the allegations in Paragraph 39 are legal conclusions. To the extent a response is required, the allegations in Paragraph 39 are denied.

40. The Court dismissed this claim in the Order dated February 26, 2020, and therefore no response is required. To the extent a response is required, the allegations in Paragraph 40 are denied.

41. The Court dismissed this claim in the Order dated February 26, 2020, and therefore no response is required. To the extent a response is required, the allegations in Paragraph 41 are denied.

42. The Court dismissed this claim in the Order dated February 26, 2020, and therefore no response is required. To the extent a response is required, the allegations in Paragraph 42 are denied.

Each and every other allegation contained in the Complaint not specifically admitted, including Plaintiff's Prayer for Relief, is denied.

## SECOND DEFENSE

As a further defense and without waiving any other defense, Defendant asserts that there were valid and legitimate grounds for the recommended non-renewal of Plaintiff's teaching contract.

## THIRD DEFENSE

Defendant pleads the defenses available to it under the provisions of N.C. Gen. Stat. Ch. 115C in bar of the claims against it.

## FOURTH DEFENSE

As a further defense and without waiving any other defenses, Defendant asserts that its actions and employment practices were free from discrimination and that the actions it took were in good faith, legitimate, and non-discriminatory.

## FIFTH DEFENSE

As a further defense and without waiving any other defenses, Plaintiff has not suffered any damages and/or has failed to take necessary and appropriate steps to mitigate her damages, and therefore, any and all relief sought on her behalf is barred. In the alternative, while Defendant denies that Plaintiff has suffered any damages, any relief that may be awarded in this action must be decreased by the amount of earnings, compensation, and benefits provided to her during the relevant time period.

## SIXTH DEFENSE

As a further defense and without waiving any other defense, Defendant pleads any and all applicable immunities to which it may be entitled, including but not limited to, sovereign immunity, governmental immunity, public official immunity, and/or qualified immunity, in bar of Plaintiff's claims.

## ADDITIONAL DEFENSES

Defendant reserves the right to amend its Answer and to assert any additional defenses as the claims of Plaintiff are more fully disclosed and additional evidence is discovered during the course of this litigation.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having answered each and every allegation contained in the Complaint, Defendant prays the Court as follows:

1. That Plaintiff have and recover nothing of Defendant, and that the claims be

7

Case 1:18-cv-00910-WO-LPA   Document 16   Filed 03/11/20   Page 7 of 9

dismissed with prejudice;

    2.    That the costs of this action be taxed against Plaintiff;

    3.    That Plaintiff's prayer for relief be denied in its entirety;

    4.    That Defendant has and recovers its attorneys' fees as may be recoverable under applicable law; and

    5.    That Defendant has and recovers such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendants request a jury trial as to all issues.

This the 11th day of March 2020.

    Respectfully submitted,

    /s/ Adam S. Mitchell
    Adam S. Mitchell, N.C. State Bar No. 36949
    David B. Noland, N.C. State Bar No. 53229
    THARRINGTON SMITH, L.L.P.
    150 Fayetteville Street, Suite 1800
    Post Office Box 1151
    Raleigh, North Carolina 27602-1151
    Telephone: (919) 821-4711
    Fax: (919) 829-1583
    E-mail: amitchell@tharringtonsmith.com
           dnoland@tharringtonsmith.com
    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

  IT IS HEREBY CERTIFIED that a copy of the foregoing **ANSWER** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Jonathan Wall
>Higgins Benjamin, PLLC
>301 N. Elm Street, Suite 800
>Greensboro, NC 27401-2260
>*Attorney for Plaintiff*

This the 11th day of March 2020.

>THARRINGTON SMITH, L.L.P.
>
>/s/ Adam S. Mitchell
>Adam S. Mitchell, N.C. State Bar No. 36949
>David B. Noland, N.C. State Bar No. 53229
>150 Fayetteville Street, Suite 1800
>Post Office Box 1151
>Raleigh, North Carolina   27602-1151
>Telephone:  (919) 821-4711
>Fax:  (919) 829-1583
>E-mail: amitchell@tharringtonsmith.com
>   dnoland@tharringtonsmith.com
>*Attorneys for Defendant*