```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
                  Case No. 1:18-cv-910
```

**THERESA SCHMITZ,**               )
                                   )
    **Plaintiff,**             )
                                   )
                               )    **MOTION FOR SUMMARY**
       **v.**                     )    **JUDGMENT**
                                   )
**ALAMANCE-BURLINGTON**            )
**BOARD OF EDUCATION,**            )
                                   )
    **Defendant.**             )
_____

Pursuant to Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rules 7.2 and 56.1,[1] M.D.N.C., Alamance-Burlington Board of Education (the "Board"), by and

---

[1] While the COVID-19 pandemic impacted the availability of both parties and their counsel, the parties diligently and in good faith worked to complete discovery, including depositions and document discovery, and worked in good faith to resolve any discovery issues without involvement from the Court. In an attempt to continue working through discovery without involving the Court, the parties mutually agreed to grant each other an extension of time to respond to the discovery requests and produce documents, beyond the January 15, 2021 discovery deadline. On March 8, 2021, in response to a text order by Magistrate Auld dismissing as moot a joint request for a protective order to allow for the production of certain documents made confidential by law, the Parties submitted a joint motion for extension of time to complete discovery. Doc. 23. On March 15, 2021, Magistrate Auld issued a text order denying the motion to extend the time to complete discovery but ordering production of documents subject to the terms contained in the proposed protective order. Following that order, Plaintiff made her first (and only) production of documents on March 15, 2021. The Board likewise produced the confidential documents on March 16, 2021, and filed a notice of intent to file a dispositive motion on March 16, 2021. In light of the circumstances described herein, including the effects of the COVID-19 pandemic, the parties' good faith efforts to agree on and cooperate in discovery without Court involvement, the agreement of the parties to extend the time to respond to discovery, and the good-faith but belated production of documents to Defendant, Defendant respectfully submits that the interests of justice and of judicial efficiency would be served by deeming this motion as timely filed pursuant to Local Rule 56.1.

through its attorneys, moves the Court for summary judgment on each and every claim against it in this action on the grounds that there are no genuine issues of material fact and the Board is entitled to summary judgment as a matter of law.

In support of this Motion, the Board relies upon the pleadings, including all attachments, as well as the exhibits listed in the attached Index.

A brief in support of this Motion shall be filed electronically this day in accordance with Local Civil Rule 7.1.

Respectfully submitted, this the 2nd day of April 2021.

>THARRINGTON SMITH, L.L.P.
>
>  /s/ David Noland
> Adam S. Mitchell
> N.C. State Bar No. 36949
> David B. Noland
> N.C. State Bar No. 53229
> 150 Fayetteville Street, Suite 1800
> Post Office Box 1151
> Telephone: (919) 821 4711
> Fax: (919) 829 1583
> Email: amitchell@tharringtonsmith.com
>         dnoland@tharringtonsmith.com
> *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **MOTION FOR SUMMARY JUDGMENT** was electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

>
> Jonathan Wall
> Higgins Benjamin, PLLC
> 301 N. Elm Street, Suite 800
> Greensboro, NC 27401-2260
> *Attorney for Plaintiff*

This the 2nd day of April 2021.

/s/ David Noland
THARRINGTON SMITH, L.L.P.
